## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                                )
                                                       )      Case No. 24-17208
Brian M. Anderson                                      )
                                                       )      Hon. Timothy A. Barnes
                   Debtor/Debtor-in-Possession.        )
                                                       )      Subchapter V Chapter 11

### DECLARATION OF BRIAN ANDERSON

The undersigned, declaring under penalty of perjury pursuant to 28 U.S.C. §1756, states as follows:

1.      I am the Debtor in this Chapter 11 case ("Debtor").

2.      I make this declaration in support of confirmation of the Debtor's plan of reorganization ("Plan")

3.      I am an individual with real estate holdings and contingent obligations from personal guarantees from prior business entities (Lee's Foodservice Parts & Repairs, Inc. and Equestrian Events LLC)

4.      I filed this Chapter 11 to address those obligations in an organized manner.

5.      My income is $148,000 annually as operations manager for Refrigeration & Equipment Services LLC.

6.      I am familiar with the Plan.

7.      I am the proponent of the Plan, I have reviewed it with counsel and I affirm all provisions of the Plan.

8.      My estate does have secured creditors, consisting of Athene Annuity ("Athene") (mortgage attaching to real property located in Villa  Park, Illinois, United Wholesale Mortgage ("United"), attaching to real property located in Elgin, Illinois, Capital

One Auto Finance ("Capital One"), with a secured claim attaching to a Toyota Rav IV automobile , and West Point Gardens HOA ("West Point HOA"), in connection with the Elgin Property.

9.   Athene will be paid in full from the sale of the Villa Park Property.

10.   United will be paid monthly according to the terms of the mortgage between the Debtor and United, with any arrearage to be cured over thirty-six (36) months at the rate of $634.34 per month.

11.   Capital One will be paid according to the terms of the existing note between the Debtor and Capital One.

12.   West Point HOA will be paid current fees and dues, as well as the $1,322.92 arrearage to be paid over thirty-six (36) months at the rate of $36.75 per month.

13.   The Debtor's estate owes approximately $1.9 million in general unsecured claims, including a $190,000 claim of Silverbottom (subject to adjustment, depending upon the outcome of litigation in the Equestrian Events case).   General unsecured creditors will be paid quarterly over thirty-six (36) months from the Debtor's disposable income.

14.   The Debtor anticipates that professional fees of approximately $25,000 will be owed to bankruptcy counsel, Crane, Simon, Clar & Goodman, in addition to the pre-petition retainer already paid.  Any allowed fees will be paid in full from the Villa Park sale proceeds, and/or from the $9,730 generated by the previously court approved sale of a horse and vehicles to the Debtor's wife, Paulina Jiminez.

15.   I am familiar with the budget attached  to the Plan, and it is feasible.

16.   I prepared the budget with the assistance of my attorney and my accountant, and I believe it accurately projects income and expenses, and demonstrates feasibility.

17.   I will have $2,000 less in expenses, now that a lease payment in connection with Equestrian Events no longer needs to be paid.

18.   I am familiar with the liquidation analysis contained in the Plan, which shows unsecured creditors would receive no distribution in a Chapter 7 liquidation, but under the Plan, unsecured creditors will receive meaningful distributions over a thirty-six (36) month period.

_____
Brian Anderson